**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIO ESTRELLA,** | ) | |
| **PLAINTIFF** | ) | |
| | ) | **NO. 09-cv-06091** |
| **v.** | ) | |
| **BANK OF AMERICA CORPORATION,** | ) | |
| **COUNTRYWIDE FINANCIAL,** | ) | |
| **CORPORATION, COUNTRYWIDE HOME** | ) | |
| **LOANS, INC., COUNTRYWIDE FIELD** | ) | |
| **SERVICES CORPORATION, PIERCE &** | ) | |
| **& ASSOCIATES, BANK OF NEW YORK** | ) | |
| **AND MERS,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF THE PLAINTIFF MARIO ESTRELLA FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. RULE 56

NOW COMES Plaintiff Mario Estrella (hereinafter "Mario"), and submits the following Reply Memorandum in support of his Motion for Summary Judgment against Pierce & Associates for Counts IV, XXI and Count XVI of the Plaintiff's Complaint :

## I.  INTRODUCTION

Mario Estrella's primary language is Spanish; he has a ninth grade education. The reason why Mario refinanced with Tamayo Financial Inc. is because that specific company handled financing matters within Mario's Spanish speaking community.

Within weeks of Countrywide Home Loans Inc. purchasing the ownership of and servicing to Mario's loan, he was "forced placed" into foreclosure because his mortgage payments were not being properly accounted for.

1

Although Countrywide Home Loans Inc. had purchased Mario's mortgage and note, the Bank of New York filed the mortgage foreclosure complaint against Mario in the Chancery Division of the Illinois Court during April 2007. Curiously, the Bank of New York alleges that it is the legal holder of the indebtedness and, thus, the real party in interest in the foreclosure proceedings. Mario refutes the Defendant's claims by vehemently asserting "the proof is in the pudding".

In addition, there is no assignment from Countrywide Home Loans Inc. to the Bank of New York that has been made a part of the record in these proceedings or has surfaced in the recorded chain of title. Mario refutes the Defendants argument that Tamayo Financial Inc. assigned anyownership interest to the Bank of New York as allegedly "memorialized" in theback dated assignment that was prepared nearly a month after the foreclosure complaint had been filed.

The record is undisputed. Countrywide Home Loans Inc.did not assign its ownership interest to the Bank of New York. It is unclear how Pierce & Associates determined that Tamayo Financial Inc. assigned it interest to the Bank of New York. Mario refutes the Defendants argument that Countrywide Home Loans Inc. is a mere servicer and, in the alternative, argues that Countrywide is the real party in interest in the foreclosure litigation.

Mario refutes that the assignment was valid and properly recorded on June 4, 2007. Tamayo Financial Inc. did not execute the purported assignment and MERS did not produce a power of attorney on behalf of Tamayo Financial Inc.

In addition, Mario filed an answer and affirmative defense alleging that Countrywide Home Loans Inc. was the real party in interest in the foreclosure proceedings.

The Bank of New York, Pierce & Associates, Countrywide Home Loans Inc. and Countrywide Field Services Inc. made a business decision to forcibly take possession and devoid Mario of his rights to occupancy in contrast to their purported intentions in their very own correspondence and in contrast to public policy and in contrast with Illinois law. Mario contends that it is material breach of the mortgage agreement when the lender engages in self help.

Mario contends that the exparte order of summary judgment and default judgment of foreclosure were voidable because the Bank of New York and Pierce & Associates committed a fraud upon the court by submitting the falsified assignment to the Chancery Court in order to obtain the same orders. The foreclosure action is still pending in the Chancery Division. However, Mario has filed a motion to dismiss the mortgage foreclosure complaint which has not been heard.

On August 13, 2009, Estrella filed his complaint against the Defendants in the State Court of Illinois. Thereafter, Defendants removed the action to the Federal Court.

## II.    ARGUMENT

**A. The Bank of America, Countrywide Financial Corporation, The Bank of New York, Pierce & Associates, Countrywide Home Loans Inc. and Countrywide Field Services Inc. unlawfully evicted Mario Estrella on September 5, 2007**

On September 5, 2007, Countrywide Home Loans Inc., Countrywide Field Services Inc. and HPM did not have the legal justification required by the State of Illinois to enter the premises, change the locks, winterize and convert the work tools of Mario Estrella with an estimated value of Five Thousand Dollars, ($5,000).

3

In **Kenneth Matthews v. Homecoming Financial Network, 2005 US Dist. Lexis 21535,** this court went on to observe that "if defendants evicted the homeowner without legal justification that would support a claim for intentional infliction of emotional distress". In the **Matthews** case, the lender forcibly entered the home, removed personal property and changed the locks after obtaining a foreclosure order which gave it possession of the homeowner's property. In our case, the Defendants evicted Mario Estrella without legal justification. The conduct of the Defendants in our case was beyond extreme and outrageous and supports damages for emotional distress. In addition, Pierce & Associates were named as Defendants in the Matthews case.

In **Robinson v. Toyota**, **201 Ill.2d 403**, the court emphasized "[i]n determining whether a given course of conduct or act is unfair, the reviewing court observes that the Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 et. seq. (1992) mandates that consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the Section 5 (a) of the Federal Trade Commission Act. 815 Ill.Comp. Stat. 505/2 (1992)."

The United States Supreme Court in **Federal Trade Comm'n v. Sperry & Hutchinson Co., 405 U.S. 233, 31 L. Ed. 2d 170, 92 S. Ct. 898 (1972)** cited with approval the published statement of factors considered by the Federal Trade Commission in measuring unfairness. **Sperry, 405 U.S. at244 n.5, 31L.ed.2d at 179 n.5, 92 S.Ct. at 905 n.5**. "These factors are (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers". The fact that Mario was evicted without legal justification meets all three of the Sperry criteria. However, all three criteria do not need to be satisfied to support a finding of unfairness.

**B. The Bank of America, Countrywide Financial Corporation, The Bank of New York, Pierce & Associates, Countrywide Home Loans Inc. and Countrywide Field Services Inc. intentionally trespassed by entering the residence of Mario Estrella on September 5, 2007**

On September 5, 2007, Countrywide Home Loans Inc., Countrywide Field Services Inc. and HPM did not have the legal justification required by the State of Illinois to enter the premises, change the locks, winterize, and convert the work tools of Mario Estrella with an estimated value of Five Thousand Dollars ($5,000).

The specific fact that Countrywide Home Loans Inc. and Countrywide Fields Services Inc. entered the home without the consent of Mario and, further, any legal justification whatsoever, meets all three of the Sperry criteria; however, all three do not need to be satisfied to support a finding of unfairness.

**C. Pierce Associates, MERS and the Bank of New York violated the Illinois Consumer Fraud and Deceptive Practices Act and The Fair Debt Collections Practices Act.**

After Tamayo Financial Inc. sold its interest to Countrywide Home Loans Inc., MERS executed a false assignment prepared by Pierce & Associates, P.C. The false assignment was prepared after the Bank of New York initiated the mortgage foreclosure proceedings against Mario. Subsequently, MERS and the Bank of New York caused the false assignment to be recorded with the Cook County Recorder of Deeds.

Thereafter, the false assignment was tendered in the State Court for the sole purpose of obtaining anex parte order of summary judgment and a default judgment of foreclosure against Mario Estrella. As soon as practicably possible, a judicial sale for the sale of the Estrella home was scheduled by the Bank of New York and Pierce & Associates.

In **Spiegel v. JudicialAttorney Services, Inc. 2011 U.S. Dist. Lexis 9350,** the Court was confronted with facts which are analogous to the facts of our case. According to Spiegel, the defendants were engaged in "sewer service"-i.e., failing to serve a debtor and filing a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court,a default judgment is entered against him.

The court in Spiegel went on to observe, "As defined by the FDCPA, a debt is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." **Spiegel, 2011 U.S. Dist. Lexis 9350 at (Citing 15 U.S.C. Section 1692a(5).**

Mario has brought his lawsuit for personal reasons, not commercial purposes, and, as a result, his reason meets the FDCPA's definition of a debt. The underlying lawsuit involves a foreclosure action on Mario's residence. The original mortgage called for owner occupancy of the residence and Mario has occupied the premises at all relevant times. Therefore, the debt meets the criteria of the FDCPA.

The Court in **Spiegel** cited the **Monique Sykes v. Mel Harris & Associates, LLC, et al., (2010 U.S. Dist. Lexis 137461(SDNY).** The **Sykes** Court found the Defendants to be debt collectors as defined by the FDCPA. A debt collector is a "person" who uses any instrumentality of interstat**e** commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or due or asserted to be owed or due another." **15 U.S.C. Section 1692 a (6).**

The **Sykes** Court citing **Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3rd 82**went on to observe that the Second Circuit has included the FDCPA's definition of "debt collector" to

6

include an entity that attempts to collect debts in default and does not "service " the debt, even though it nominally owns the debt and is collecting for itself.

In the final analysis, the **Sykes** court concluded while the filing of a debt collection alone does not violate the FDCPA, if the complaint was supported by affidavits that contain false or deceptive representations about the status and character of the debt, see **15 U.S.C. Section 1692e(2)(A),(10)**, then the filing of the state action could also be deemed "unfair or unconscionable" in violation of 15 U.S.C. Section 1692f.

In our case, Mario contends that there are false representations in the assignment which bear on the legal status of his debt. The **Sykes** court cites **Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1022-24 (S.D. Ohio 2007)** (finding actionable FDCPA claim against debt collector's law firm that prepared and filed debt collection suits including affidavits of creditor employee whom defendant "knew or should have known" lacked specific knowledge of the original debt).

The preparation of the false assignment, the execution of the false assignment and the recordation of the false assignment was illegal, unethical, outrageous and fraudulent and a clear violation of the unfair practices and deceptive practices prohibitions contained in both of the Fair Debt Collections Practices Act and the Illinois Consumer Fraud and Deceptive Practices Act. Defendants actions meet all three of the Sperry criteria although all three do not need to be satisfied to support a finding of unfairness.

## D. The FDCPA claims are not time barred due to the continuing violation of the FDCPA

The specific fact that the foreclosure case is still pending and the specific fact that the false assignment is still recorded and the Bank of New York never withdrew its pending motion for summary judgment which is supported by the false assignment and affidavit of its Assistant

Vice President, Keri Selman, who alleges to have personal knowledge of the payment history, there is a continuing violation of the FDCPA.

E. **Countrywide Home Loans Inc. is the real party in interest based on the record and Bank of New York is at most a servicer of the loan attempting to enforce a debt.**

In **First Union National Bank v. Hufford, 767 N.E.2d 1206 Ohio Ct. App. 2001,** the court determined that "a real party in interest is one who is directly injured or benefitted by the outcome of the case". The plaintiff must have a legal or equitable right or title or interest in the action. In our case, there has never been a proper assignment from Countrywide Home Loans Inc. to the Bank of New York.

In **Harmony Homes v. United States ex rel.SmallBus. Admin., 936 F. Supp. 907 (M.D. Fla. 1966),** the court held that "the lender who assigned away its interest in property was not the proper party to file suit to foreclose a mortgage, affd without an op., 124 F.3rd 1299 (11th Cir. 1977) The **Harmony Homes** case is analogous to our case. Conversely, Tamayo Loan Servicing Inc. assigned away its interest and, thus, had no interest to convey to the Bank of New York.

The facts of **Bayview Loan Services, LLC. v. Jeffrey Nelson, 382 Ill.App.3d 1184** are very similar to the facts of our case. Mario refutes that **Bayview** merely stands for the proposition that the entity did not have standing to foreclose. In **Bayview**, the court held that "there was no evidence that Bayview ever obtained any legal interest in the subject property….[a]t most, the record indicates that the Partnership relied on Bayview to service the mortgage payments". Mario argues that the Bank of New York is merely servicing the mortgage by filing the complaint for foreclosure in the state litigation. The facts in **Bayview** support arguendo that the Bank of New York is a debt collector for the purposes of the FDCPA.

F. **Bank of America, Countrywide Financial Corporation, The Bank of New York, Countrywide Home Loans Inc., Countrywide Field Services Inc., Pierce & Associates and MERS engaged in a civil conspiracy against Mario Estrella by assisting and encouraging unlawful and tortuous acts which caused and continue to cause foreseeable injury to Mario Estrella.**

The misapplication of Mario's mortgage payments by Countrywide Home Loans Inc., Countrywide's refusal to take mortgage payments from Mario after his mortgage and note were sold by Tamayo Financial Inc. are predicate acts necessary to establish a civil conspiracy.

The preparation of the false assignment by Pierce & Associates and MERS and the execution of the false assignment from Tamayo Inc. to Bank of New York and the recordation of the false assignment are predicate acts necessary to establish a civil conspiracy.

The specific fact that Mario was forcibly evicted from his home was a direct result of the intentional trespasses of Bank of New York, Countrywide Home Loans Inc. and Countrywide Field Services Inc.

Bank of New York, Pierce & Associates and MERS caused the false assignment to be submitted to the Chancery Division in State Court for the sole purpose of obtaining an ex parte order of possession and default judgment for foreclosure against Mario on March 26, 2008.

In **Martinez v. Freedom Mortgage Team, Inc. 527 F. Supp.2d 827 (N.D. Ill.2007),** the court emphasized that the Lenders' knowledge of a falsified appraisal is sufficient to state a claim for UDAP, fraud and civil conspiracy.

Mario is entitled to actual damages, consequential and punitive damages because the Defendants' conduct is sufficiently outrageous to justify the imposition of punitive damages.

**Rodrian v. Seiber, 194 Ill. App.3d 504 (5th Dist. 1990); Freese v. Buoy 217 Ill. App.3d 234 (5th Dist. 1991); Ariola v. Nigra, 16 Ill.2d 46 (1959).**

Once the conspiracy is formed, the Defendants and all of the members of the conspiracy are liable for injuries caused by any unlawful acts performed pursuant to and in furtherance of the conspiracy.

### III.  CONCLUSION

The Plaintiff prays that the Court enter an order of summary judgment in favor of the Plaintiff, Mario Estrella, and against the Defendant, Pierce & Associates for Counts IV, XXI and Count XVI of the Plaintiff's Complaint.

**Respectfully Submitted,**
**Mario Estrella**


**By**:/s/Caroline J. Smith
One of His Attorneys


### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on March 24, 2011 through the court's electronic filing system as follows:

| | |
|---|---|
| Derek S. Holland | Derek.holland@bryancave.com |
| Steven Russel Smith | srsmith@bryancave.com |
| Diana Nancy Athanasopoulos | dathanasopoulos@atty-pierce.com |
| Michael Ryan Kemock | mkemock@atty-pierce.com |
| Richard M. Norton | rnorton@atty-pierce.com |

/s/ Caroline J. Smith

Caroline J. Smith & Associates P.C.
332 South Michigan Avenue, Suite 1000
Chicago, IL 60604
Tel: (312) 386-9300
Fax:(312) 386-9301
Email: carolinesmithlaw@att.net
ARDC # 6210993